On Application for Rehearing
PER CURIAM.
Counsel for the appellant in his application for rehearing rests his expectation of a favorable ruling upon the following argument contained in the application, viz.:
“Error of Law
“The basic ordinance involved is the City-Parish Liquor Ordinance of 1948. *732 The ordinance in identical form (with one exception which is immaterial to this case) has been repealed and readopted each year from 1948 to date.
“The Court quotes the pertinent section of this Ordinance.
“ ‘No permit shall be granted for any premises situated within five hundred (S00) feet, or less distance, of a building occupied exclusively as a church, synagogue, public library, public playground, or school, except a school for business education conducted as a business college, or school.’
“However, that is only half of the section and half of the sentence. The full sentence continues as follows:
’ “ ‘ * * * provided that the provisions of this section shall not apply to premises which are maintained as bona fide hotel, railway car, or fraternal organization, nor to any premises licensed to deal in beverages of low alcoholic content, for a period of one year or longer prior to the passage of this ordinance.’
“What a tremendous difference it makes when the whole section is considered! If it were not for the latter proviso, many places in this parish, established for many years before the ordinance, would have to close. Re-bowe’s defense is based on tlie portion of the ordinance which the Court neglected to quote and to consider.”
The facts are clear that defendant’s vendor, one Joe Zito, in 1947 operated a grocery and barroom business in the “Michelli Building” located at 8480 Baker Road. He then bought the lot to the rear of his place of business facing on Soro Street and sometime in 1948 placed a building thereon and moved his liquor business therein in 1949. In 1949 he sold the business to Rebowe, defendant herein.
The original “Michelli Building” in which he operated was approximately 380 feet as measured under the provisions of the Act from the church in question. However, the new building which he placed to the rear of the “Michelli Building” was approximately 201 feet from the church.
When Zito moved his liquor business into the new building in either 1948 or 1949 prior to selling it to Rebowe, it became a new business and it, therefore, was not in operation for a period of one year or longer prior to the passage of the 1948 or 1949 Ordinance, and was not protected by the provisions of the law which counsel for appellant complains this court failed to consider. Had Zito operated the business in the new building for a period of one year or longer prior to the passage of the Ordinance of 1948 appellant’s contention might be sound. Zito was not entitled to a license under the law for the business which he opened in the new building in 1948 or 1949 and the issuance of a license each succeeding year thereafter was contrary to the law.
For these reasons the re-hearing will be denied.